[J-72A-2014] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 7 EAP 2014
:
             Appellant : Appeal from the judgment of Superior
: Court entered 10/08/2013 at No. 1045 EDA
: 2011, vacating the judgment of sentence
          v. : entered on 11/30/10, of the Court of
: Common Pleas, Criminal Division,
: Philadelphia County at Nos.
JOSE A. CARRASQUILLO, : CP-51-CR-0009652-2009 and
: CP-51-CR-0009653-2009, Dated
             Appellee : November 30, 2010, and Remanding
:
  78 A.3d 1120 (Pa. Super. 2013)

  ARGUED:  September 10, 2014

**CONCURRING OPINION**

**MR. JUSTICE STEVENS**

    I join the majority in its entirety.

    I write separately to emphasize my disapproval with the Superior Court's bright-line rule that prohibited, as a matter of law, trial courts from assessing the credibility of an "assertion of innocence" made in the context of a presentence motion to withdraw a guilty plea. This <u>per se</u> approach, which was based upon the utterance of "magic words," undermined the trial court's role as a finder of fact and removed necessary discretion from the court. I agree with the majority that such an approach was unsatisfactory. Trial courts must be permitted to evaluate the credibility of an accused's

assertion of innocence, including the evidence of guilt, of delay, and of ulterior or illicit motive in ruling upon an accused's presentence motion to withdraw a guilty plea.

Moreover, since the majority is reversing the Superior Court as it relates to the first issue, I agree with the majority that it is not necessary, for disposition of this particular case, to reach the Commonwealth's second issue, which concerns prejudice to the Commonwealth. However, in order to provide guidance to the courts below, it is clear the Commonwealth demonstrated it would have been substantially prejudiced by the withdrawal of Appellee's guilty plea.

I specifically disagree with the Superior Court that the evidence of the psychological and emotional harm to the young victim, N.O., was insufficient as a matter of law to demonstrate substantial prejudice to the Commonwealth or that it was largely irrelevant to the inquiry of prejudice. The Superior Court's bright-line rule, which attributed no value to the interests of the victims of crime, is inapposite to public policy in this area of the law and to the value of the criminal justice system generally. Rather, as the trial court properly concluded, evidence of the harmful effect of Appellee's withdrawal of his plea upon N.O.'s psychological and emotional well-being was relevant to the trial court's inquiry since it had the tendency to make the Commonwealth's claim of prejudice more or less probable than it would be without that evidence.

As to whether the Commonwealth adduced substantial evidence of the psychological harm to N.O., I agree with the trial court that it did so in this case. The Commonwealth relied upon videotaped testimony of N.O., which was corroborated by testimony from N.O.'s family and a school principal, to argue the child victim's psychological and emotional well-being would be compromised if the trial court granted

Appellee's motion to withdraw his guilty plea. Based on the evidence presented, the trial court concluded N.O. was emotionally vulnerable and opined harm would be caused by denying N.O. closure and threatening to force N.O. to relive the brutal rape she endured by testifying at trial. I find no error in the trial court's conclusion of substantial prejudice in this regard.

Mr. Justice Baer joins this concurring opinion.